Good morning, Your Honor. May it please the Court. I'm Lance Orloff representing the appellant A-1 Maxim, or A-1 Roofing Company. Your Honor, the claim that A-1 made against its insurance broker, Elizabeth Perkins in this case, arose out of a rescission action that was originally filed and had diversity of jurisdiction. And it was only a declaratory judgment action because at the time it was only believed that Ms. Perkins, who was handling several A-1 roofing franchises, made a mistake as to the address and what franchise she was actually applying for when the Maxim policy was taken out. Oh, I see. That accounts for the same name but the different addresses. There are lots of different A-1s around, but it's a franchise operation. That's correct, Your Honor. There are several in Southern California. In fact, in L.A. alone, there's Santa Monica and my client out in Upland or wherever he was. I see. And your client, at his address and his franchise, is the one that has the various lawsuits filed against him. The address given was the one that had no lawsuits filed. That's correct, Your Honor. And since that was what was believed, it was only a declaratory judgment action that was asserted, not an errors and omissions claim because that wasn't ripe and no one knew whether one would ever become ripe. Now, when the rescission action was, the summary judgment motion on the rescission action was granted on the prior claims theory, it was just a tactical decision on A-1's part just to stop the bleeding and to ask for a dismissal without prejudice of its declaratory judgment claims against Ms. Perkins. You brought a Rule 14 third-party complaint against Perkins? Yes, Your Honor. We mistakenly referred to it as a counterclaim, but it was a third-party complaint. Yeah, the judge repeated your language. Yes. And there was no errors and omissions claim contemplated, and I wasn't going to be, or my firm was not going to be representing my client in any such errors and omissions claim. But we believed that if one ever was ripe, that would be a state court matter, there was no diversity between Perkins and A-1, and our client should get plaintiff's counsel if that was what he wanted to do on that case. So the tactical decision was made to ask for a dismissal without prejudice so as not to affect his rights in the future if they wanted to assert one. Unfortunately, for us, Ms. Perkins asked the court to dismiss it with prejudice to affect a future claim, which we never even knew would ever come to fruition. And the district court went along with that, and we think wrongly, and we think it was clearly erroneous, because there was really nothing in the record that established any prejudice to them, and the possibility of future litigation in the Ninth Circuit Authority is pretty well legion on the fact that the possibility of future litigation is not prejudice. Now, the theory of your claim, your third-party claim against Perkins, was what? That she mistook the address for one of her other clients for ours, and so we asked not only for declaratory judgment, but also for reformation as to that point. How could she possibly have reformed? I mean, she's just the broker. What do you want reformed? We wanted the contract to be reformed initially. Which contract? The insurance contract? The insurance contract between Maxim and A1 Roofing Company. But Maxim isn't going to reform that contract. They look at you and your claims experience, or rather your lawsuit experience. There's no way they're going to write insurance to you. That's true, but at the outset of the case, we believe that the only mistake, so to speak, was the address, not prior claims. But the judge reached a different decision. Yes, he did. And that's not on appeal. We accepted that and moved on and asked for this case, the counterclaim or the third-party complaint, to be dismissed without prejudice. Without prejudice to what? What lawsuit did you have in mind to bring in the future? Well, because there is an issue out there as to whether the broker used another franchise's claims history when she submitted the application for my client's policy that she was negligent in that regard. And had she submitted the prior, the claims history of my client, which was really minor, there was only small claims matters. There were nine of them. Maybe. Five years. Maybe, maybe not. That's what the papers I read said. Yeah. Anyway, you know, and I told district court and I would represent this court. I mean, I was not going to represent A1 roofing and errors and omissions, but I just didn't want any of the proceedings in the rescission action to affect his rights in state court. Now, the standard that we judge as to whether or not it's going to be with or without prejudice, I think is that abuse of discretion? Yes, Your Honor. And you moved to withdraw only after you lost the principal case. Well, that's true. Yes. So, I mean, in the abstract, at least, the standard is whether or not there should be, the dismissal should be granted with or without prejudice. And part is if you feel you're going to lose on the merits and then you ask for voluntary dismissal, the judge is probably supposed to dismiss it on the merits rather than without prejudice. Well, the problem here, Your Honor, and I would ask the court to consider, is that by dismissing the case with prejudice, it affected my client's errors and omissions claim, which was not right when the rescission action was first filed and was not asserted in the district court. It was only a declaratory judgment action as to this address issue. And therefore, by dismissing it with prejudice, it affected my client's right to pursue that. So it really wasn't even before the district court. Now, I think the district court reached out to preclude that. I don't know, Judge. I was going to move on. I'm just curious. Well, it's probably not important, but I do have one other sort of overarching issue here. Yes, sir. At least in the second part of your appeal dealing with the fee issue. Yes, sir. As I read that, it's kind of interesting the way the district court approached the matter because he contemplated further proceedings based on his summary judgment ruling. Yeah, and I don't know why. Was there ever a final judgment entered? Well, there was a final judgment as to ‑‑ there was a summary judgment motion granted as to rescission that was not challenged. So there was a judgment as to the rescission action. Well, that's on the first part of the case. Correct. So it looks like he divided the case in two, the suit between the insurance company for the debt relief and then the third-party claim and the related claims against each other. Correct, Your Honor. And then he got to her claim for her fees and treated it as a summary judgment motion, said she's entitled to fees the way he read this clause. Yes. And then he said submit an application. He ruled in her favor, said she's entitled to fees and said submit an application. And then nothing happened. Right. They did not. So where's the final? I'm just curious, where's the final judgment? The court ‑‑ the district court's decision on that last part of the case, he said, I think he even noted, the court even noted in that, that this incorporated his previous and became the final judgment of the court. But he contemplated further proceedings. Only a motion to submit the attorney's fees, like you would do in California court under Section 1717 of the Civil Code where you seek attorney's fees as costs, but he just wanted the application for attorney's fees to be submitted later because there was no evidence before him of the amount of attorney's fees and whether that was reasonable. There was no briefing on that. But before that, she argued the case is moot. Well, they have. And it is moot because they did not file for attorney's fees, but the judgment's still out there that if there were any future dealings between my client and Ms. Perkins, this judgment is now binding. But there's no amount. There's no amount of attorney's fees on this, but there could be something in the future. That's the only reason. So, yeah, so I'd like to pursue Judge Pius's question. I understand it's moot as to this amount because they didn't file for the attorney's fees in the appropriate way. So attorney's fees in this case are off the table. But you seem to be worried that this interpretation of the clause might come and get you in a separate later proceeding. What kind of proceeding are we talking about? Is there any realistic chance that there is such a proceeding so that this judgment will have a collateral effect based on the interpretation of the clause? Well, if my client is able to hire counsel in an errors and omissions claim, which I think there is a colorable claim for errors and omissions here, it would come back to, so to speak, Biden. And would that be ratio-de-cada based on the – assume for the purposes of my question that we affirm on the Rule 41 decision, that is to say we affirm the district judge having dismissed with prejudice your Rule 14 claim. Assuming that that's been dismissed with prejudice, is that ratio-de-cada as to any future errors and omissions claim your client might want to bring out of this proceeding? Yes, it is. It's a retracts it because he should have asserted – the theory would be that my client should have asserted an errors and omissions claim in this case. So if that's what we rule on your Rule 41 issue, it sounds like it is moot? If you rule – if the – with prejudice is affirmed, then I don't think that it – that that's a decision on whether the district court properly interpreted this indemnity clause as an attorney fee clause. I think that issue is still out there. But the fact that they didn't submit an application for attorney's fees means only that they were entitled to them but didn't seek them. But I'm not sure we're engaged yet. I'm trying to figure out if there are any collateral consequences. It would basically be an issue preclusion, that is to say, this district court has decided in litigation between the two of you that this is what the clause means and in this circumstance that they're entitled to attorney's fees. Yes. I'm trying to figure out is there some later lawsuit that could possibly be brought between the two of you in which that will be issue preclusion if we affirm the district judge on his Rule 41 issue? I believe so, Your Honor. And what's that lawsuit? What would the lawsuit be? What would the lawsuit be in which there would be collateral effect arising out of this decision by the district judge? The errors and omissions type of lawsuit against the broker. So why would that errors and omissions suit be plausible and not be precluded by res judicata because of the dismissal with prejudice of your Rule 14 claim? It would be. It would be precluded. Yes. But she could seek fees just for the fact that you file a, if you were to, somebody would say, oh, we might have a claimant file it, and then the judge says, oh, no, it's over because of the litigation in this case. She could use that interpretation of the fee clause to say, I'm entitled to fees for having to defend against this frivolous lawsuit. Right. So he makes a really stupid mistake and file again and get dismissed on Rule 41. Not only this case, but let me just say that because of the rescission, my client was bare for a year doing roofing work, and he was essentially bare. There was no insurance covering. So if another claim arises during this next rainy season, then, and he could never file any suit against his broker, even on a new claim, because he was bare based upon this. So it would preclude him. So there's a real estate possibility. Okay. Yeah. I think we've got the argument at hand. Sorry to hold you over. Let's hear from Ms. Perkins. We'll give her a chance to respond. Good morning, Your Honors. My name is Robert Cooper on behalf of the Academy, Rebecca Perkins. First, I'd like to focus the Court's attention on the real issue in this case, the dispositive issue, and that has to do with the Rule 41 motion, as opposed to the issue regarding the contractual indemnity agreement, which we believe is purely academic in terms of deciding whether the terms of the indemnity agreement constitute some sort of exculpatory release or whether it's enforceable in this case. And the reason we believe that that's a purely academic issue is because we did not follow the proper procedure, admittedly, in terms of trying to recover the contractual fees. We could have gone back to the district court and filed a Rule 60B motion for missing the original deadline for seeking the fees, but I made a conscious decision not to do that. And the reason I did that is because we don't want to get locked down in this appeal regarding this whole issue about recovering attorney's fees, because we would have been entitled to the attorney's fees under Rule 41 anyway. So whether we get it under Rule 41 or whether we get it under the terms of the indemnity agreement, it's still going to be the same amount. Really, the source doesn't matter. If you have a judgment against appellants, when you send the sheriff to collect the judgment, nobody cares whether it's based on a contractual fee. No, but there's no money in that judgment, though. Correct. So you're not collecting. You have no intent of collecting. Exactly. We made that pretty clear throughout the entire appellate process, that we have absolutely no intention to try to collect this judgment because as far as we have been able to establish, it appears that the appellant is either out of business or uncollectable in terms of having any sort of funds to collect from. So we have no intention to waste our time No, if they were to bring a suit against you based on some other claim against them, and I'm just taking the representation I just got that they were without insurance for a year and that they get a claim for the period during which they were without insurance, they bring a suit against your client saying, well, because of your client's errors and omissions or professional malfeasance, I'm without it. Would you rely not only on this clause that says we've got attorney's fees under certain circumstances, would you also rely on the decision of the court in this case on issue preclusion saying, well, that issue's already been decided, that clause has been construed? Well, it depends specifically on the type of claim that they present. We would take the position that to the extent that they have a traditional E&O claim, that that was specifically covered within the scope of their complaint against us in this case. It was or was not? It was. And if you look at page 141 of the excerpts of record, and I can quote this, what they said is that if the policy is rescinded as prayed by MAXIM, it is the result of Perkins' error in providing the incorrect address to MAXIM and or its agent, and therefore Perkins should be required to indemnify A1 for any damages resulting from her mistake. And if they were to bring any lawsuit against you arising somehow out of this transaction in which you bought insurance through MAXIM, would you rely based on issue preclusion on the decision of the district court in this case to your entitlement for attorney's fees? I'm trying to get the mootness question. Would we rely on the enforceability of the immediate agreement? No. The district judge in this case construed that footnote to say that you're entitled to attorney's fees when they bring suit against you based upon their alleging that you failed in your responsibilities. And the district judge says, but if he loses that suit, he owes attorney's fees under that clause. That's what the district judge held. Correct. I'm assuming that A1 now brings another suit against you based upon a different claim saying, and we were bare for a year, and the reason we were bare is that you guys fouled up and got us and told us we got insurance, but it wasn't there. Now, the suit may or may not be good. Let's assume that they then lose the lawsuit. And now the question is whether or not you get attorney's fees. Are you going to use issue preclusion based upon the decision of the district court in this case to show that you're entitled to attorney's fees? Do you understand the question? To the extent that it's based on the contractual provision, I would recommend to my client not to do that. Why not? Because there would be other ways to get the attorney's fees. I think we could easily get it under CCP 128.7. We would argue that this was already encompassed in this case, and therefore there is no reason to get into that whole philosophical debate as to whether the contract is enforceable or not. Goodness. Okay. I usually try to make it as simple as I can to simplify the issues. That's why we did not address 20 pages of the lawsuit. There is no final judgment on that. Correct, and that's what I specifically said. Because the way I read the summary judgment order, he contemplated some further proceedings. Correct. And nothing ever happened. Correct. And the fact that there was no judgment initially I used. So if there's no final judgment, let me just ask you this. Why do we have jurisdiction? Because I did contemplate filing a motion to dismiss the appeal, and I did a lot of research, and I finally concluded that the motion would be denied because a judgment would have been deemed to have been entered. An imaginary judgment under the operation of the rules would have been deemed to have been entered 150 times. So even though he contemplated further proceedings, this is, for all intents, the parties really, everybody really intended this to be the final judgment. Correct. And the fee request would have been, like, under Rule 54 or something. Ancillary proceedings, right. And I did spend the whole page discussing why even in the absence of a formal judgment this court has jurisdiction. So to the extent that the court has concern about that, that's all right. Assuming that we're going to get to the question of the meaning of this clause, I spent a long time reading it. You've probably read it many times. Did you write this clause? No. I only handled the appeal. Do you know who wrote this clause? I do not know. Sort of the note at the bottom of this form letter from Insurance Warehouse? I do not know the answer to that. First off, you might want to go back to your client and say this thing, which is 1, 2, 3, 4, 5, 6, 7, 8, 10 lines long is not a sentence. Correct. It's easier to enforce something that's a sentence than something that's not a sentence. Correct. But, again, I think the ultimate issue in this case is that regardless of the enforceability of that indemnity agreement, we still would be entitled to fees under Rule 41. And we cited all the cases saying that in order for the court to eliminate the prejudice. But that issue is not in front of us. I mean, you fouled up. You didn't ask for fees. Under 41. Or he didn't award them under 41. No, what I'm saying is the judge did not order the judge could have ordered them under Rule 41. But he didn't. Correct. But all I'm trying to show is that they cannot show that they were prejudiced. It's a harmless error sort of argument. Same thing. Basically, all I'm saying is that we would have been entitled to it under Rule 41. There's a difference. The district court judge has discretion under 41 to impose fees. If you read this the way the district court, this clause, this footnote, the way the district court judge, you're entitled to fees. I just can't imagine that this particular judge would have denied a request under Rule 41, given this particular fact pattern. Under these conditions, I think it would be be surprised what district judges do. Beyond the wildest reach of your imagination. And as a district judge, I could say that. And the other point I would like to focus is the fact that the Rule 41 motion, as Your Honor previously pointed out, is subject to an abuse of discretion standard. So it's not enough for them to show that Your Honor would have decided this case differently had Your Honor been sitting in the district court. It's a much tougher burden for them to be able to get a reversal, given the highly differential nature of the abuse of discretion standard. And my final point that I would like to make is that they also keep on saying that the fact that there would be subsequent litigation or the fact that it appears that somebody is foreign shopping is not enough. And that may be true, but there's a distinction between foreign shopping and trying to preempt an adverse outcome under merits. And that's what we have here. Do you argue that the attorney's fees issue in the posture of this case is moot? Do you think it's moot? Absolutely. That's what we said. That's why I did not bother to raise my client's attorney's fees, spending 30 pages responding to the 30 pages that they devoted in their opening brief. I just went directly to the Rule 41 issue, saying that that issue is moot regarding the enforceability of the indemnity agreement and that this Court should not raise this. And one of the reasons you say that it's moot is that you won't rely, in terms of issue preclusion on this decision, if another suit is filed against you by him implicating this clause? The reason it's moot is because our position is that we would have been entitled to it under Rule 41 anyway. So whether we get it under Rule 41. I don't quite understand that, but I'll accept your representation. All we're saying is that given the cases that we discussed, in order for the judge to eliminate the prejudice from having to defend this case, the judge would have granted us fees under Rule 41, based on all those authorities saying that one way to eliminate the prejudice is to avoid fees under Rule 41. Okay. Why don't we give the other side a chance to respond. Thank you. Thank you, Your Honors. You know, the following thing occurs to me. If you were to agree with your adversary and concede that this is moot, but you're still worried about the res judicata or, here, issue preclusion consequences of the district court's holding, you might be entitled to a Munsingwear vacation order from us. Do you know what that is? Yes. It requires a request out of you under Munsingwear that we vacate that aspect under Munsingwear because not appealable because moot. You may wish to make that request. Your Honor, if that's the way the court would go, I'd make the request. So I just heard a request under Munsingwear? Yes. Okay. Yes. I'd like to also bolster Judge Piazza's point here about whether this is a final judgment. The court considered that a final judgment. He considered an application. He gave them a certain amount of time, 14 days, I think it was, to file an application for attorneys' fees, and he was going to consider that a post-judgment proceeding, and that would have been a post-judgment order. So I do think that we have a final judgment, and you have jurisdiction over that. I'd also like to respond. I don't know a lot of what he did, but, you know, that's fine. Yeah, it's what happens in California. It's not necessarily what happens. But this is the district court, not the state court. That's true, Your Honor. I also want to respond to counsel. There was no evidence here of foreign shopping, and I wouldn't be involved in anything that had to do with that. And I also want to bolster your point, Your Honor, that I don't think counsel is correct. There was no entitlement to fees under Rule 41. There's a different showing that has to be made, like a Rule 11 showing, and I don't think they could have gotten that. Okay. Thank you very much. The case of A1, All-American Roofing v. Rebecca Perkins is now submitted for decision. The next case on the argument calendar is
judges: Fletcher, Paez, Duffy